**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.:

YAMATA PROPERTIES LLC,

Plaintiff,

v.

STARR INDEMNITY & LIABILITY
COMPANY,

Defendant.

_____/

**STARR INDEMNITY & LIABILITY COMPANY'S NOTICE OF REMOVAL**

Defendant Starr Indemnity & Liability Company, a Texas corporation ("Starr"), removes the action pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida (the "State Court"), Case No. 2019-015608-CA 01 (the "State Court Action"). The State Court is within the Miami Division of the Southern District of Florida. Starr bases removal on diversity jurisdiction pursuant to 28 U.S.C. section 1332(a).

Removal of this action is proper because the parties are diverse and the minimum amount in controversy is greater than $75,000.00.

**I.        Procedural Background and Compliance**

Removal of this action is timely. 28 U.S.C. section 1446(b) states that "[t]he notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." Starr files this notice within 30 days of the

49384972;1

Plaintiff's filing of the Complaint on May 23, 2019, and service of process on Starr on June 14, 2019.

Pursuant to 28 U.S.C. section 1446(a), Starr attaches a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action at the time of this removal as **Composite Exhibit 1**. Starr will promptly provide written notice of the filing of this Notice of Removal to Plaintiff Yamata Properties LLC ("Plaintiff") through its counsel. Starr will also promptly file a copy of this Notice with the Clerk of the State Court in the State Court Action, a copy of which (without exhibits) Starr attaches as **Exhibit 2**.

Removal of this action to the Miami Division of the Southern District of Florida is proper pursuant to 28 U.S.C. section 1441(a) because this Court is the United States District Court for the district and division embracing the place where the State Court Action was pending. The allegations of this Notice of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

If any question arises as to the propriety of this removal, Starr respectfully reserves the right, and also requests the opportunity, to provide any additional evidence as may be required to support the grounds asserted in this Notice of Removal and to present a brief and oral argument in support of its position that this action was properly removed.

**II.     Summary of the Grounds for Removal Based Upon Diversity Jurisdiction**

Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S.Ct. 606, 610 (2005). The amount in controversy must also exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

This Court has jurisdiction over this matter under 28 U.S.C. section 1332(a) because Starr is not a citizen of the forum state of Florida, Starr and Plaintiffs are completely diverse in their citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## A.      Plaintiffs and Starr are Diverse

Plaintiff is a Florida limited liability company licensed to and conducting business in Florida. *See* Complaint, ¶ 1. Plaintiff owns the property located at 3450 N.W. 114th Ave., Doral, FL 33178, where the at-issue damages occurred. *Id*. at ¶ 3, 5.

Starr is a corporation incorporated under the laws of the State of Texas and maintains its principal place of business in the State of New York. *See* Declaration of Mike Gore attached as **Exhibit 3**. Starr is a citizen of the States of Texas and New York for diversity citizenship purposes. *See* 28 U.S.C. § 1332(c)(1).

Plaintiff and Starr are completely diverse.

## B.      Amount in Controversy

The amount in controversy exceeds $75,000.00 excluding interest and costs, as required by 28 U.S.C. section 1332(a). Plaintiff alleges "substantial damage as the result of [ ] Hurricane Irma" and seeks "a judgment in its favor [against Starr] for damages **in excess of the jurisdictional limits of [the State Court]**, together with pre- and post-judgment interest, attorney's fees [and] costs…" *See* Complaint, ¶¶ 5, *Wherefore* clause (emphasis added). While Starr disputes all liability, and expressly reserves all defenses to this lawsuit, this Court must accept Plaintiff's allegations as true for removal purposes. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.") (citation omitted).

Attached as **Exhibit 4** is a copy of Plaintiff's pre-suit correspondence to Starr stating, "[w]e attach in support of our claim a written estimate of the damages". *See* Exhibit 4, pg. 1. The attached appraisal was performed by Plaintiff's retained appraiser, Professional Insurance Estimating & Appraisals, and estimates damages in the amount of $391,311.50. *Id*. at pgs. 10-26.

Pre-suit demands may be properly considered by this Court when determining the amount in controversy for the purposes of federal jurisdiction. *See, e.g., AAA Abachman Enters., Inc. v. Stanley Steemer Int'l Inc.*, 268 Fed.Appx. 864, 866 (11th Cir. 2008) (per curiam) (unpublished) (*citing Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). The court's explanation in *Ralph v. Target Corp.*, 609CV-1328-ORL-19KRS, 2009 WL 3200680, at *2–3 (M.D. Fla. Sept. 30, 2009) is instructive:

> In the Notice of Removal, Defendant includes as exhibits the Plaintiff's written demand letter requesting a $100,000 settlement and the Defendant's written request to stipulate that the Plaintiff's damages do not exceed $75,000. Defendant argues that the nature of the Plaintiff's injuries, the demand letter for $100,000, and the Plaintiff's refusal to stipulate as to damages establish by the preponderance of the evidence that the amount in controversy exceeds $75,000. In response, Plaintiff argues that Defendant has not met this burden because the amount in controversy is too speculative. However, the demand letter states unequivocally, "[i]t is our opinion that a reasonable settlement value for Danielle Ralph's claim for bodily injuries, impairments, damages, and losses is well in excess of $100,000.00, for which we hereby make a demand." This constitutes ***legally certain evidence*** that Plaintiff seeks damages in excess of $75,000.

(citations omitted, emphasis added). As in *Ralph*, Plaintiff's pre-suit demand here constitutes "legally certain evidence" the minimum amount in controversy is met.

## C.     Consent and Notice

Pursuant to 28 U.S.C. section 1446(d), the undersigned is providing Plaintiff, the only adverse party, written notice of this Notice of Removal. A copy of this Notice of Removal is also being filed with the Clerk of the State Court in the underlying State Court Action.

**D.      Conclusion**

Because all parties are completely diverse and the amount in controversy exceeds $75,000.00, the requirements for this Court's exercise of diversity jurisdiction are met.

*Wherefore*, Starr Indemnity and Liability Company, desiring to remove the State Court Case to the United States District Court for the Southern District of Florida, Miami Division, respectfully requests the filing of this Notice of Removal with the Clerk of the Circuit Court of Miami-Dade County, Florida so effect the removal to this Court.

Dated: <u>July 11, 2019</u>.                                          Respectfully submitted,

**AKERMAN LLP**
350 E. Las Olas Boulevard, Suite 1600
Ft. Lauderdale, Florida 33301
Telephone:  (954) 463-2700

By:  <u>/s/Ashley A. Sawyer, Esq.</u>
      Ashley A. Sawyer, Esq.
      Florida Bar No. 0012131
      Primary: ashley.sawyer@akerman.com
      Secondary: jill.parnes@akerman.com

and

**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Matthew J. Schroeder, Esq. (*pro hac to be filed*)
Texas Bar No. 00791619
Primary: matt.schroeder@akerman.com
Secondary: abbie.holzmeister@akerman.com
Elliot Strader, Esq. (*pro hac to be filed*)
Texas Bar No. 24063966
Primary: elliot.strader@akerman.com
Secondary: abbie.holzmeister@akerman.com

*Counsel for Starr Indemnity & Liability Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify a true and correct copy of the foregoing was served via CM/ECF on this

<u>11</u>th day of July, 2019 to:

**Christopher B. Choquette, Esq.**
**Gina Clausen Lozier, Esq.**
**Michael J. Higer, Esq.**
Berger Singerman LLP
1450 Brickell Ave., Suite 1900
Miami, FL 33131
E-mail: cchoquette@bergersingerman.com; gclausen@bergersnigerman.com;
mhiger@bergersingerman.com


By:  <u>s/Ashley A. Sawyer</u>
Ashley A. Sawyer